(November 28, 1989)

■ In the Matter of CARMEN BARETTO et al., Appellants, v COOPER SQUARE COMMUNITY DEVELOPMENT COMMITTEE AND BUSINESSMEN'S ASSOCIATION, INC., Respondent.—Orders of the Supreme Court, New York County (Ethel Danzig, J.), entered on April 14, 1988 and August 4, 1988, respectively, which, *inter alia,* denied, as moot, petitioners' application to enjoin a membership meeting scheduled for March 16, 1988; and denied petitioners' motion to vacate the default, unanimously affirmed, without costs.

To vacate a default judgment pursuant to CPLR 5015 (a) (1) movants are required to demonstrate that the default is excusable and that the action is meritorious. *(See, Scopino v St. Joseph's Hosp.,* 142 AD2d 569 [2d Dept 1988].) Petitioners here failed to meet either burden and particularly failed to show that their action to inspect the respondent's membership list, pursuant to Not-For-Profit Corporation Law § 621, was meritorious.

We have considered petitioners' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO NEVARES, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered June 27, 1985, convicting defendant on plea of guilty to attempted murder in the second degree and robbery in the first degree, and sentencing him as a second violent felony offender to concurrent terms of 11 to 22 years' imprisonment, unanimously affirmed.

Denial of defendant's motion to withdraw his guilty plea was a proper exercise of the court's discretion. Defendant's voluntary waiver of rights rendered his postarrest statements to the police and the Assistant District Attorney admissible, notwithstanding the improper and suggestive procedures which led to suppression of his earlier lineup identification. The sentence was fair and proper, and in accordance with a valid and uncoerced plea bargain. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.